UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIUS CROSSTY,                                  Case No. 1:11-cv-310

    Plaintiff,                                  Spiegel, J.
                                                           Bowman, M.J.

    v.

LANNY HOLBROOK,

    Defendant.

**REPORT AND RECOMMENDATION**

On May 13, 2011, Plaintiff initiated this *pro se* litigation against individual Defendant Lanny Holbrook. After Defendant filed his Answer through counsel on June 17, 2011, the Court attempted to secure the appointment of counsel on Plaintiff's behalf, but ultimately was unsuccessful and denied Plaintiff's motion for the appointment of counsel. On November 29, 2011, the Court instructed the parties to meet for a discovery conference, and to file their Rule 26(f) report not later than January 16, 2012. Neither party ever complied with that order.

The Court issued a "show cause" order on January 19, 2012, after taking judicial notice of the fact that local news authorities reported that Defendant Lanny Holbrook died on or about January 6, 2012, *see* obituary published at www.legacy.com, and that the Court's notices to Mr. Holbrook's attorney have been returned as undeliverable since December. In light of the death of the sole individual Defendant and lack of any

1

substitution of a living or representative Defendant, as well as the parties' lack of compliance with their obligation to file a Rule 26(f) report, the Court's order directed Plaintiff to "**SHOW CAUSE** by filing a written statement on or before **February 3, 2012** why this case should not be dismissed for failure to prosecute." (Doc. 16). On February 3, 2012, Plaintiff filed a written response in which he essentially sets forth the facts of his employment discrimination claim. Both in his original complaint and in his recent response, Plaintiff alleges that he was terminated from his employment by Lanny Holbrook's company, Heritage Management, based upon his race. (Doc. 3).

In his February 3, 2012 response to the Court's "show cause" order, Plaintiff further states that he was unable to obtain unemployment compensation benefits after his termination, due to his misclassification as a "contract employee" by Heritage Management. He complains that Heritage Management has failed to re-classify him as a company employee despite a re-classification by the Internal Revenue Service. While not entirely clear, it appears that Plaintiff hopes to obtain some type of relief from this Court that would require Heritage Management to reclassify him as an employee, so that Plaintiff might reapply for unemployment benefits. However, Plaintiff's original complaint is limited to a claim for employment discrimination under the Equal Employment Opportunities Act, 42 U.S.C. §2000e-5(f)(1), and does not encompass any claim relating to Plaintiff's classification as an employee or independent contractor under the federal tax code. Moreover, only Lanny Holbrook, as "owner" of Heritage Management, and not Heritage Management itself, appears to have been served as a Defendant in this case. (Doc. 4).

The Court is not without sympathy for Plaintiff's plight, but Plaintiff must do more than file a statement indicating that he seeks some type of relief from the Court in order

to prosecute his case. The fact remains that the only named Defendant is deceased and Plaintiff has failed to: (1) meet and confer with defense counsel and file a timely Rule 26(f) report; (2) explain his failure to comply with the Court's prior scheduling order; or (3) identify any manner for moving forward in this case given the Defendant's death. Moreover, although the Court's last order has not (yet) been returned, this Court's prior correspondence to defense counsel has been returned as undeliverable.[1]

Given the lack of compliance with the Court's scheduling order and Rule 26(f), and apparent inability of Plaintiff to prosecute this case through prompt substitution of a viable Defendant or formulation of a reasonable plan for discovery, **IT IS RECOMMENDED THAT** this case be **DISMISSED WITHOUT PREJUDICE** for lack of prosecution.

                          *s/ Stephanie K. Bowman*
                          Stephanie K. Bowman
                          United States Magistrate Judge

---

[1] Plaintiff's recent response includes a certification that he "sent copy to all parties or their counsel on regular class mail," (Doc. 18 at 2) but gives no indication as to what address he might have used for service on the Defendant.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JULIUS CROSSTY,  Case No. 1:11-cv-310

    Plaintiff,  Spiegel, J.
                                               Bowman, M.J.

    v.

LANNY HOLBROOK,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).